# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS MEJIA,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Criminal Case No. 13-cr-3572 DMS<br>Civil Case No. 18-cv-0535 DMS<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

Pending before the Court is Petitioner Alexis Mejia's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Respondent United States of America filed an opposition, and Petitioner filed a reply. For the reasons set out below, the motion is denied.

## I.
## BACKGROUND

On September 27, 2013, an Indictment was filed, charging Petitioner with one count of conspiracy to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846. On February 19, 2015, Petitioner, represented by Daniel Rodriguez, pleaded guilty to that count. In the plea agreement, Defendant stipulated to the following factual basis: "the defendant made

arrangement with others in Mexico and the United States, … to distribute in excess of 50 kilograms of cocaine in Southern California." (ECF No. 178.) In January 2016, Petitioner requested new counsel, and Andrew Nietor was appointed to represent him. Approximately one year later, Petitioner requested a substitution of counsel, which the Court granted, and he retained John Kirby to represent him through sentencing.

At the sentencing hearing on March 30, 2017, the Court found that Petitioner qualified as a career offender based on his prior felony convictions for controlled substance offenses. The first predicate offense was a 2001 conviction for possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 2 and 841(a)(1). The second predicate offense was a 2010 California conviction for possession of marijuana for sale, in violation of Cal. Health & Safety Code § 11359(a). As a result of his career offender status, Petitioner's base offense level was raised to 37. With a downward adjustment of three levels for acceptance of responsibility and criminal history category of VI, Petitioner's guideline range was 262 to 327 months. The Court, however, varied from the guideline range and sentenced Petitioner to 120 months in custody followed by five years of supervised release. On March 13, 2018, Petitioner filed the present motion.

## II.

## LEGAL STANDARD

A prisoner in custody may move the federal court that imposed a sentence upon him to vacate, set aside, or correct that sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28. U.S.C. § 2255(a). If the court determines that relief is warranted under § 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence

him or grant a new trial or correct the sentence as may appear appropriate." *Id*. at § 2255(b).

### III.
### DISCUSSION

Petitioner argues he received ineffective assistance of counsel in violation of the Sixth Amendment because: (1) Mr. Rodriguez maliciously induced him to enter a guilty plea for conspiring to distribute a larger quantity of cocaine than he had agreed to, and (2) Mr. Kirby did not seek to reclassify Petitioner's prior state felony conviction to a misdemeanor under California Proposition 64.

To prevail on a claim for ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 688–93 (1984). Under the deficient performance prong, a petitioner must show that counsel's representation fell below an "objective standard of reasonableness." *Id.* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." *Id.* at 689. Under the prejudice prong, a petitioner must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Because failure to meet either prong is fatal to [a petitioner's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 697). The Strickland test also applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Petitioner argues he agreed to plead guilty to a conspiracy to distribute five kilograms of cocaine, but Mr. Rodriguez misled him into pleading guilty to a conspiracy to distribute 50 kilograms of cocaine. The record, however, shows Petitioner understood and agreed to the factual basis in the plea agreement that

stipulated he conspired to distribute 50 kilograms of cocaine.  At sentencing, Mr. Kirby brought to the Court's attention "when [Petitioner] initially pled guilty he thought the Court would be considering a conspiracy involving only 5 kilograms of cocaine[,]" not 50 kilograms.  (ECF No. 307.)  Petitioner, however, "recognize[d] that the plea agreement contemplates 50 kilograms of cocaine, and he [was] prepared to stand on that and move forward."  (*Id.*)  Specifically, the Court asked Petitioner whether he was "prepared to proceed with a factual basis that specifically contemplates a conspiracy to distribute in excess of 50 kilograms of cocaine" and whether he was "prepared to stand on a plea agreement that has a factual basis involving 50 or more kilograms of cocaine."  (*Id.*)  Petitioner responded, "yes, your honor[,]" indicating his knowledge of the plea agreement and the quantity of cocaine stipulated therein.  (*Id.*)  In any event, regardless of whether the factual basis referenced five or 50 kilograms of cocaine, the base offense level and criminal history would have remained 37 and category VI, respectively, because Petitioner qualified as a career offender.[1]  Accordingly, Petitioner's claim is denied.

Next, Petitioner contends Mr. Kirby rendered ineffective assistance because he did not seek to reclassify Petitioner's prior state felony conviction to a misdemeanor under Proposition 64 before sentencing.[2]  Petitioner argues that had Mr. Kirby obtained reclassifications of his state conviction, he would not have

---

[1] Plaintiff further argues "[a]bsent counsel's ineffectiveness in deliberately deceiving me, I would not have pled guilty but would have insisted on a trial." (Mot. at 6.) However, had Petitioner gone to trial, he would have faced a guideline range of 360 months to life with the career offender enhancement.  This is significantly higher than the 120-month sentence Petitioner received after pleading guilty.  The Court sees no "'reasonable probability that, but for counsel's error[ ],' he would have taken such a risk." *Cuevas v. Hartley*, 674 F. App'x 724, 725–26 (9th Cir. 2017) (quoting *Hill*, 474 U.S. at 59).

[2] Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, reduced some marijuana-related felonies to misdemeanors.  *See* A. B. 64, 2016 Leg., Reg. Sess. (CA. 2016)

qualified as a career offender. However, relevant case law and the language of the Sentencing Guidelines suggest a reclassification of felonies to misdemeanors "cannot operate … to make [such] felony convictions misdemeanors for purposes of federal law, i.e., the federal Sentencing Guidelines." *United States v. Ochoa-Garcia*, No. 397CR00077RCJVPC3, 2017 WL 4532489, at *3 (D. Nev. Oct. 10, 2017). Although Proposition 47 provides any felony conviction that is re-designated a misdemeanor "shall be considered a misdemeanor for all purposes," Cal. Penal Code § 1170.18(k), it expressly states "[r]esentencing pursuant to this section does not diminish or abrogate the finality of judgments in any case that does not come within the purview of this act." *Id.* § 1170.18(n).

The Sentencing Guidelines permit district courts to set aside certain types of previously imposed sentence when calculating criminal history. For example, the application notes provide sentences based on convictions that have been reversed or vacated because of errors of law or the defendant's innocence, or those that have been ruled constitutionally invalid are not to be counted. U.S.S.G. § 4A1.2 cmt. n.6. Unless explicitly excluded, the Guidelines require that prior sentences be counted. *Id.* § 4A1.2 cmt. background note ("[p]rior sentences, not otherwise excluded, are to be counted"). Nothing in the Guidelines or its application notes precludes the Court from considering prior state felony convictions that have been reclassified as misdemeanors. In fact, the Guidelines expressly contemplate a situation where "one or both of a defendant's 'two prior felony convictions' is based on an offense that was classified as a misdemeanor at the time of sentencing for the instant federal offense," in which case, "a downward departure *may* be warranted[.]" U.S.S.G. § 4B1.1 cmt. n.4 (emphasis added). The application notes of the Guidelines indicate a reclassification of a prior state felony conviction to a misdemeanor does not preclude a defendant from being qualified as a career offender.

Even if Mr. Kirby had successfully sought reclassification of Plaintiff's prior state felony conviction to a misdemeanor, this would not change the historical fact

that Petitioner had been convicted of two felony drug offenses prior to violating the present federal offense. *See United States v. Diaz*, 838 F.3d 968, 973 (9th Cir. 2016). In other words, "a state making a change to a state conviction, after it has become final, 'does not alter the historical fact of the [prior state] conviction' becoming final[.]" *Id.* at 974. Thus, the Court would have nonetheless considered the prior state felony conviction in determining Petitioner's career offender status. This claim is therefore denied.

## IV.
## CONCLUSION

For the foregoing reasons, the Court denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. The Court also denies a certificate of appealability because Petitioner has not made "a substantial showing of a denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Clerk is directed to close the associated civil case.

**IT IS SO ORDERED.**

Dated: July 30, 2018

Hon. Dana M. Sabraw
United States District Judge